NO. 07-06-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 30, 2008
_____

JUAN SOTO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,888-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Juan Soto, Jr. appeals his conviction by jury of possession of a firearm by a felon[1] and his resulting sentence of seven years imprisonment. Through his sole point of error, appellant contends the trial court erred in admitting evidence of a statement he made at the jail after his arrest. We affirm.

---

[1] *See* Tex. Penal Code Ann. § 46.04 (Vernon 2003). Appellant stipulated to his prior felony conviction of evading arrest with a vehicle.

Appellant was one of several passengers in a vehicle when a police officer initiated a traffic stop. After the stop, the driver was arrested on an outstanding warrant. Asked if there was anything in the vehicle of which the officer should be aware, the driver told him appellant had a gun. Officers found a .45 caliber pistol under the vehicle's front passenger seat, and found the pistol's magazine behind the driver's seat. Appellant was arrested and transported to jail. During the booking process, when appellant removed his shoes and socks, a .45 caliber round fell out of his right sock. After the round fell, appellant said to the booking officer that he was going to buy the pistol so that is why he was looking at it and why his fingerprints would be on it.[2]

Analysis

On appeal, appellant challenges the admission of the statement he made during the booking process. At trial, appellant objected to the admission of the statement, contending it was the result of custodial interrogation. After holding a hearing to determine its admissibility, the trial court admitted the statement as voluntary and as *res gestae* of the arrest or offense pursuant to article 38.22, Section 5 of the Code of Criminal Procedure.[3] We review the trial court's determinations regarding admissibility of evidence for an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App. 1990) (op. on reh'g).

_____

[2] No usable latent fingerprints were found on the gun.

[3] Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).

On appeal, appellant again advances the argument that the trial court erred in overruling his objection because the statement was made while he was arrested, handcuffed, and in the custody of the police during which time they questioned him. He contends article 38.22 barred admission of the statement. In supporting this argument, he asserts it is established the prosecution may not use statements stemming from custodial interrogation of a defendant.

Article 38.22 provides that an oral statement made as a result of custodial interrogation may not be used against an accused unless an electronic recording is made, he has received a warning explaining his legal rights, and he has knowingly, intelligently, and voluntarily waived the rights described in the warning. Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005). The article does not preclude the admission, however, of a statement that is *res gestae* of the arrest or the offense, a statement that does not stem from custodial interrogation, or a voluntary statement whether or not the result of custodial interrogation. *Id.* § 5.

The State acknowledges appellant was in custody when he made the statement, but contends, *inter alia*, the trial court properly could have found it was not the result of interrogation.[4] We agree.

As noted, the statement at issue was made while appellant was being booked into jail. Testimony showed that jail policy requires that individuals be searched before

---

[4] The State also asserts the statement was admissible as *res gestae* of appellant's arrest. We do not address that contention.

placement in the general jail population to ensure no weapons or narcotics are brought into the jail. It was during this search that appellant removed his shoes and socks, allowing the bullet to fall from his sock. The only testimony concerning statements made to appellant during this process involved a routine health-related inquiries. Appellant appears to take the position that all official questioning at the jail should be regarded as custodial interrogation. As a general rule, our courts have not done so, and we will not treat the challenged statement as a response to custodial interrogation merely because it occurred during the jail booking procedure during which appellant was asked some routine questions. *See Cross v. State,* 144 S.W.3d 521, 525 n.5 (Tex.Crim.App. 2004); *Edwards v. State,* 813 S.W.2d 572, 578 (Tex.App.–Dallas 1991, pet. ref'd) (both noting that routine questions asked during booking do not constitute custodial interrogation).

The booking officer testified that when the bullet fell out of appellant's sock, appellant and the officer looked at each other. There is no evidence that the officer said anything. Interrogation includes not only express questioning but also the words and actions of police officers that they should know are reasonably likely to elicit an incriminating response from a suspect.[5] But officers are not held accountable for the unforeseeable result of their words or actions. *Innis,* 446 U.S. at 302; *Camarillo v. State,* 82 S.W.3d 529, 534-35 (Tex.App.–Austin 2002, no pet.). To constitute interrogation, the conduct undertaken by the supposed interrogator must reflect some measure of compulsion distinct from any compulsive effect inherent in being placed in custody. *Smith*

---

[5] *See Rhode Island v. Innis,* 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d 297(1980); *Morris v. State,* 897 S.W.2d 528, 531 (Tex.App.–El Paso 1995, no pet.).

*v. State,* 60 S.W.3d 885, 889 (Tex.App.–Amarillo 2001, no pet.), *citing Griffith v. State*, 55 S.W.3d 598, 603 (Tex.Crim.App. 2001). If no such compulsion, direct or indirect, occurred, the utterance did not arise from interrogation. *Smith*, 60 S.W.3d at 889. We perceive no compulsion in the exchange of looks between appellant and the officer, nor does it appear the officer could have predicted that his look at appellant would elicit an incriminating response. *See Smith,* 60 S.W.3d at 889 (for a comment to be the result of custodial interrogation, the words or actions utilized by the police must not only be of the ilk which the officer should know are reasonably likely to elicit an incriminating response but also have some compulsive effect). The trial court did not abuse its discretion by concluding the statement was not the result of custodial interrogation.

Appellant's sole issue on appeal is overruled. We affirm appellant's conviction and sentence.

James T. Campbell
Justice

Do not publish.